UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-mj-03651-TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SIMON CRUZ ANGELES
    a/k/a Rosdylan Cruz Angeles,

    Defendant.
_____/

## DETENTION ORDER

    THIS CAUSE came before the Court for a pretrial detention hearing on October 5, 2022, pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f), to determine whether Defendant, Simon Cruz Angeles ("Defendant"), should be detained pending trial. The United States has requested that Defendant be detained based upon risk of flight.

    THE COURT has considered the factors enumerated in 18 U.S.C. § 3142(g), heard from the parties, their counsel, and witness(es) at the October 5, 2022, hearing, and is otherwise fully advised in the premises. For the reasons that follow, this Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance at trial, and, therefore, Defendant shall be detained prior to trial and until the conclusion thereof.

    In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

## I.   FINDINGS OF FACT

### A.   *Nature and Circumstances of the Offense*

The Criminal Complaint charges Defendant with possession of documents prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, form I-551 (United States Permanent Legal Resident Card), which he knew to be forged, counterfeited, altered, and falsely made, in violation of Title 18, United States Code, Section 1546(a). If convicted, he faces a maximum of ten (10) years' imprisonment. *Id.*

### B.   *Weight of the Evidence*

The weight of the evidence against Defendant is substantial. Through its proffer at the detention hearing, the Criminal Complaint, and cross-examination of Department of Veteran's Affairs Criminal Inspector Marilyn Rios, the United States established probable cause to find Defendant committed the charged offense.

The evidence shows that on the morning of September 27, 2022, Defendant and co-defendant Carlos Vizcaya Enrique Zambrano (Zambrano) arrived at a Veteran's Affairs ("VA") facility in Miami, Florida to perform contracting work. VA policy required Defendant to produce proof of legal residency in the United States to obtain credentials to access the facility. Defendant and Zambrano produced I-551 cards stating they have resided in the United States since 2016. VA police officers suspected that the cards produced by Defendant and Zambrano were counterfeit because their coloring was inconsistent with I-551 cards the officers had previously observed, and the cards appeared to be brand new. Defendant also possessed a Social Security card which appeared to be brand new.

VA police officers detained Defendant and Zambrano and read them their Miranda rights in Spanish. Defendant waived his right to counsel and admitted he and Zambrano had purchased the I-551 and Social Security cards for $300 from an individual in downtown Miami the day before. He also stated that they had been told there was work available to them if they could provide documents indicating they were legal residents of the United States. The name on Defendant's counterfeit documents, "Rosdylan Cruz Angeles," was not correct.

The Court had the opportunity to observe and hear Inspector Rios's testimony, which this Court found credible.

C.   *History and Characteristics of the Defendant*

Defendant's history and characteristics support detention based on risk of nonappearance.[1] Defendant was born in Mexico in 1995. He has a Mexican passport at his residence. He previously immigrated to the United States in 2007 and lived in Ohio until he was deported in 2009. He returned to the United States in 2020 and moved to South Florida in August 2022. Defendant was unable to provide his address to the United States Pretrial Services Office, but indicated he resides with six co-workers and Zambrano. Although Zambrano provided Pretrial Services with an address for their shared residence, the address he provided does not appear to exist.

Defendant told Pretrial Services that he works for "East Coast Florida." He reports no mental or physical health issues. He claims to have family members in Alabama but was

---

[1] The Court takes judicial notice of the Pretrial Services Report, dated September 30, 2022.

unable to provide their contact information. Defendant is unmarried but has two children from prior relationships living in Mexico.

## II.     REASONS FOR DETENTION

When the United States seeks to detain a criminal defendant pending trial based on his status as a flight risk, it must prove by a preponderance of the evidence that no condition or set of conditions will reasonably assure his presence at trial. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).

In light of the weight of the evidence against Defendant, his immigration status, prior deportation from the country, lack of ties to the community and unknown address, the information contained in the Criminal Complaint, and the evidence presented at the October 5, 2022 detention hearing, this Court finds that the United States has established by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance as required. Accordingly, Defendant must be detained pending trial in this matter.

## III.     CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that Defendant, Simon Cruz Angeles, is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a court of the United States or on request of an

attorney for the United States, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for the purpose of court appearances.

Although this written order is executed on this 14th day of October, the Court announced its decision regarding detention as to Defendant on the record at the detention hearing held October 5, 2022, and, thus, this Order is effective as of October 5, 2022.

**DONE and ORDERED** in Chambers at Miami, Florida, this 14th day of October 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Pretrial Services (Miami)